(No. 73-CC-0056

WILLIAM V. PYE, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 29, 1979.*

LEE K. ZELLE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; HOWARD FELDMAN, Assistant Attorney General, for Respondent.

POCH , J.

The Claimant seeks reimbursement for $282.08 allegedly expended by his wife pursuant to a contract of employment entered into between the Claimant and the Environmental Protection Agency on February 1, 1972. The Claimant brings this action pursuant to the provisions of Sec. 8(b) of the "Court of Claims Act" (Ill. Rev. Stat., Ch. 37, Sec. 439.8(b)), 1973 alleging that he is entitled to reimbursement pursuant to the provisions of his employment contract.

Both documentary and testimonial evidence was presented before a Commissioner of the Court. The claimant testified that he entered into a written con-

tract of employment with the State of Illinois on February 1, 1972. The Claimant was hired as an environmental managing engineer. His contract of employment provided that:

"Additions and/or conditions to this offer: After offer acceptance, three-day trip for wife to look for housing (offer expires September 30, 1972); . . ."

The contract also provided that "all offers are subject to the laws of the State of Illinois and may be modified or cancelled if in violation thereof and without notice, if necessary."

The Claimant commenced his employment in Illinois while his wife and children remained in New Jersey until June, 1972. The Claimant submitted a voucher for expenses incurred by his wife for "house hunting" from April 14 to April 22, 1972, which included 1,980 miles roundtrip by auto, two nights motel cost and five days meal expense. The voucher for $282.08 was initially approved by the Environmental Protection Agency and the funds were paid to the Claimant. The payment was appealed to the Travel Control Board which denied the claim. The Claimant repaid to the Agency the $282.08 and filed his complaint with this Court seeking payment.

The Claimant acknowledged that he knew the employment contract was subject to the provision therein that:

"All offers are subject to the laws . . . of Illinois and may be modified or cancelled if in violation . . . ."

The Claimant testified that the request for payment of the expenses for his wife exceeded the three day limit set forth in his contract. He also stated that while in Springfield his wife ate her meals at his apartment. The Claimant calculated her meal cost at the state travel restriction of $2.00 for breakfast, $3.00 for lunch

and $5.00 for dinner for a total of $50.00 for meals. The only actual expense receipts submitted by the Claimant in support of his claim were for the two nights lodging for his wife during her auto trip from New Jersey to Illinois. Her trip resulted in the purchase of a home in Illinois.

The Respondent submitted a departmental report from the Environmental Protection Agency which is prima facie evidence of the facts contained therein pursuant to Rule 14 of the Court. The report confirms the disapproval of the claim by the Travel Control Board. The Department of Finance also disapproved payment of the funds.

Neither the Claimant nor the Respondent offered any evidence concerning the actual travel regulations in effect in 1972. The Claimant argues that he fully performed all terms under the contract and is therefore entitled to payment, regardless of applicable regulations governing travel.

The claim must be denied. The contract provided that it was subject to the laws of Illinois and could be modified or cancelled if in violation without any notice. The burden is on the Claimant to establish proof of his claim by competent evidence of such quality to prove entitlement to an award by a preponderance of the evidence. The Claimant has submitted no authority for the proposition that the contract, apparently found unenforceable by both the Department of Finance and the Travel Control Board, is enforceable against the State of Illinois. The Claimant has not met his burden of proof.

The claim must also be denied because the Claimant seeks payment for meals for five days where no actual expenses were incurred but rather were com-

puted based on the maximum limits on meal expenses by State employees. No actual meal expenses were incurred thus no payment can be made.

The Claimant has not presented any evidence to overturn the decision of the Travel Control Board and the Department of Finance.

The claim of William V. Pye is denied.